UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TAX ANALYSTS<br>400 South Maple Avenue, Suite 400<br>Falls Church, VA  22046,<br>(703) 533-4400,<br><br>    Plaintiff,<br><br>v.<br><br>INTERNAL REVENUE SERVICE<br>1111 Constitution Avenue, NW<br>Washington, DC 20224,<br><br>    Defendant. | No. _____ |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1. In this action for declaratory and injunctive relief, plaintiff Tax Analysts seeks disclosure of records that were improperly withheld by the Internal Revenue Service ("IRS") regarding training materials used for staff in the IRS's exempt organizations office in Cincinnati.

### Jurisdiction and Venue

2. This court has jurisdiction of this action under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.  Venue lies in this district pursuant to 5 U.S.C. § 1391(e).

### Parties

3. Plaintiff Tax Analysts is a nonprofit corporation organized and existing under the laws of the District of Columbia.  Tax Analysts is qualified as a charitable and educational organization described in IRC § 501(c)(3).  Consistent with that mission, and since its founding in 1970, Tax Analysts is a leading publisher of

information concerning the enactment and administration of the tax laws of the United States, the several states and other countries, the adjudication of tax cases by courts and other tribunals of the United States, the several states and other countries, and other subjects relating to taxation. Its publications include *Tax Notes*, *Tax Notes Today*, *State Tax Notes*, *State Tax Notes Today*, *Tax Notes International* and *Worldwide Tax Daily*. It also operates web sites at www.tax.org and www.taxanalysts.com.

4. Defendant IRS is an agency of the United States government.

<h3 style="text-align:center;">Factual Background</h3>

5. The Office of Determinations of the IRS's Exemption Organizations Division has the responsibility of reviewing applications from taxpayers for tax-exempt status and granting or denying that status. In May 2013, IRS personnel disclosed that this Office had inappropriately referred certain applications for further review because the applicants had used the words "Tea Party" or "patriot" in their names. This disclosure and subsequent disclosures about IRS processing of applications for tax-exempt status prompted created a national controversy and prompted strong criticism, including a statement from the President and congressional investigations.

6. As a news organization that reports on IRS activities, Tax Analysts has reported on this controversy and plans to continue doing so. As part of this effort, Tax Analysts sent a FOIA request dated 21 May 2013 to IRS seeking:

> All training materials, including but not limited to, memoranda, staff manuals, Powerpoint presentations, videos and other materials that

  have been used since 1 January 2009 for the purpose of training personnel in the IRS exempt organizations determinations office in Cincinnati. As an interim measure, we would also request access to a list of such records and the dates that they were used by IRS staff.

Citing the high level of public interest in the topic, Tax Analysts sought expedited processing of this requested, as expressly allowed under 5 U.S.C. § 552(a)(6)(E).

  7. By letter dated 5 June 2013, IRS advised that it had granted expedited processing," that the "request has priority" and that IRS would "make every effort to respond as quickly as possible."

  8. By letter dated 25 June 2013, the statutory deadline for a response to FOIA requests that are not expedited, IRS wrote that it was invoking the ten-day extension period set out in the Act for responding to non-expedited requests, *i.e.*, until 10 July 2013. Even so, IRS added, "we will still be unable to locate and consider release of the requested records by July 10, 2013. We have extended the response date to August 9, 2013 when we believe that we can provide a final response."

  9. By letter dated 9 August 2013, IRS advised that it was still working on the request and would contact Tax Analysts by 20 September 2013 if it was not possible to complete the response by then.

  10. Despite IRS's statement that it has expedited a response to the Tax Analysts request, both the statutory deadline and the permissible extension of time within which to respond have expired.

  11. Tax Analysts has exhausted its administrative remedies.

  12 Despite IRS's acknowledgment that this request should be expedited,

more than two months have passed since Tax Analysts filed its request, and no records have been produced.

13. Tax Analysts has a statutory right of access to the records it seeks, and there is no legal basis for IRS to withhold those documents.

14. Tax Analysts has no remedy at law and will suffer irreparable injury absent relief from this Court.

## Requests for Relief

Wherefore, plaintiff requests that this Court:

1. Declare that IRS's failure to disclose the records to Tax Analysts is unlawful under the FOIA;

2. Preliminarily and permanently enjoin IRS from making the requested records available to Tax Analysts;

3. Award Tax Analysts its costs and a reasonable attorneys' fee; and

4. Grant such other and further relief as the Court may deem just and equitable.

Respectfully submitted,

*Cornish F. Hitchcock*

Cornish F. Hitchcock (D.C. Bar No. 238824)
  Hitchcock Law Firm PLLC
  5614 Connecticut Avenue, NW  No. 304
  Washington, D.C. 20015
  (202) 489-4813  Fax: (202) 315-3552
  E-mail: conh@hitchlaw.com
  Attorney for Plaintiff

Dated: 13 August 2013